177 N.J. Super. 107 (1981)
425 A.2d 696
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD A. LYNCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 13, 1981.
Decided February 3, 1981.
*110 Before Judges FRITZ, POLOW and JOELSON.
Stanley C. Van Ness, Public Defender, attorney for appellant (L. Steven Pessin, Designated Counsel, and on the brief).
John J. Degnan, Attorney General, attorney for respondent (Donald S. Coburn, Essex County Prosecutor, of counsel; Jonathan Tchack, Assistant Essex County Prosecutor, on the brief).
The opinion of the court was delivered by POLOW, J.A.D.
On Monday afternoon, September 11, 1978, appellant and his co-defendant Sanders, were present in the courtroom for trial of an indictment charging them jointly with armed robbery. After 14 prospective jurors had been seated in the jury box, the judge took some time to explain the jury selection process and the nature of the trial for which a panel was to be selected. Addressing his comments to all prospective jurors in the courtroom, he introduced the prosecutor and counsel representing each defendant. The judge then inquired whether any of the panelists were acquainted with or knew of any of the participants including prospective witnesses then identified. The usual, *111 appropriate general interrogation took place following which pertinent personal inquiries were made of the 14 jurors seated in the jury box.
Having reached the point at which counsel's right to exercise challenges would be recognized, the judge noting that it was then 3:45 p.m., declared a recess until 9 a.m. Tuesday morning. He excused all participants and jury panelists with instructions to return promptly the following morning to the courtroom to continue the proceedings. Appellant having failed to appear the following morning as instructed, the jury was temporarily excused and a bench warrant issued. Efforts by sheriff's officers having failed to locate Lynch, the trial judge determined that defendant had been present at the commencement of the proceedings and had then voluntarily absented himself. Thus, it was ordered that pursuant to R. 3:16 the trial would be continued. Appellant's counsel participated throughout the nine day trial which resulted in guilty verdicts against both defendants for armed robbery. Appellant was apprehended several months later in connection with charges related to other allegations against him. He has offered no explanation for his disappearance.
Defendant Lynch now asserts error by the trial judge in continuing the trial in absentia, in giving the standard "election not to testify" charge and in several trial rulings. Trial tactics of the prosecutor are also attacked.
R. 3:16 provides in pertinent part:
The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by rule, but the defendant's voluntary absence after trial has commenced in his presence shall not prevent its continuing to and including the return of the verdict.
Defendant does not contest the discretionary power of the court to order continuance of a trial despite defendant's voluntary absence where he was present at the commencement thereof. However, he insists that for this purpose, the trial has not commenced until "jeopardy attaches" after the jury has been *112 impaneled and sworn. Furthermore, he would impose upon the State the burden of proof that defendant's absence from the courtroom was voluntary. In the absence of any such evidence, he insists that there can be no basis for "relinquishment of ... [his] constitutional right" to be present throughout the trial. Neither of the foregoing issues has been directly addressed in this jurisdiction previously. Our analysis of the rule, its constitutional purposes and our survey of rulings by courts in sister states leads us to conclude that the trial judge exercised his discretion properly.
In a very similar set of circumstances, an Illinois appellate court approved continuation of a trial in defendant's absence since he had been present the previous day when prospective jurors received their preliminary instructions in the courtroom. People v. Pace, 34 Ill. App.3d 440, 339 N.E.2d 785, 789 (App.Ct. 1975). Similarly, the Supreme Court of New Hampshire held that a trial had commenced for a defendant who was present during the pretrial suppression hearing and the selection of five jurors although they had not yet been sworn. State v. Lister, 406 A.2d 967, 968-969 (Sup.Ct.N.H. 1979). See also People v. Aiken, 54 A.D.2d 937, 388 N.Y.S.2d 260, 261 (App.Div. 1976).
We are fully content that defendant's presence with counsel when jury panels were summoned for his trial, in itself, satisfies the requirement of R. 3:16 that "trial has commenced in his presence." Whether presence at and participation in pretrial procedures would also equate with presence at commencement of trial for this purpose need not be resolved here and we thus reserve that question for another day. Here, defendant remained in the courtroom for some time after the jury panels arrived, during the preliminary interrogation process when fourteen panelists were tentatively seated in the jury box and questioned by the court, until they were all excused for the day. Hence, defendant's voluntary absence thereafter did not prevent continuation as Judge Dios so aptly ruled. Neither State v. Wiggins, 158 N.J. Super. 27, 31 (App.Div. 1978) where the trial *113 proceeded without legal representation for the absent defendant nor State v. Boiardo, 111 N.J. Super. 219, 243-244 (App.Div. 1970) certif. den. 57 N.J. 130 (1970), cert. den. 401 U.S. 948, 91 S.Ct. 931, 28 L.Ed.2d 231 (1971) where defendant's absence was caused by his collapse due to a heart condition, are applicable here. Neither dealt with the voluntary absence of a defendant represented by counsel[*] during the trial.
Contrary to defendant's insistence now, the continuance of a criminal trial under these circumstances does no violence to the constitutional right of defendant to be present at all stages of the proceeding. Taylor v. U.S., 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. U.S., 223 U.S. 442, 455, 32 S.Ct. 250, 253, 56 L.Ed. 500 (1912). It would not "`be consonant with ... common sense that [defendant] ... be at liberty whenever he pleased to withdraw himself...." Id. at 457, 32 S.Ct. at 254. "The practical result ..., if allowed ... would ... prevent any trial whatever until the accused ... should be pleased to permit it." Ibid.
Nor are we impressed by defendant's suggestion that the State be required to come forward with proof that absence of the accused was voluntary. Counsel was allowed ample time and every opportunity to make contact with his client and provide reasons for his absence. In fact, defense counsel contacted a member of defendant's family by phone on the morning of his disappearance and was advised that Mr. Lynch "was on his way to court." Despite an outstanding bench warrant for Lynch's arrest, he was not apprehended until arrested on an unrelated charge several months later. The facts and circumstances give rise to a strong inference that his absence was voluntary, motivated by a reluctance to continue to face the *114 criminal process. Any other justification would be peculiarly within defendant's own knowledge. Failure to come forward with such information at any time unquestionably justifies the conclusion of the trial judge that defendant's absence was voluntary. See State v. Hock, 54 N.J. 526, 536-537 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970) holding that the State need not affirmatively show absence of a permit to carry a revolver since there is no injustice in placing upon defendant the slight intermediate obligation of presenting evidence that such a permit did exist.
We are fully satisfied that Judge Dios' decision to continue the trial against Lynch during his voluntary absence was entirely justified under the circumstances. The jury was duly and properly instructed that no adverse inference was to be drawn from defendant's absence, that it had no bearing on his guilt or innocence and that the presumption of innocence obtains throughout the trial.
Appellant, by his absence, created a further dilemma which the court resolved by giving the standard "election not to testify" charge. Defendant argues that no request having been made to give such instructions, counsel's motion for a mistrial after it had been given should have been granted. Prior to summation, Judge Dios advised counsel that he intended to instruct the jury that no inferences were to be drawn from the fact that Lynch was absent during the trial. Counsel responded "fine." There was no specific discussion before the jury instructions about the "election not to testify" charge. We are satisfied that any approval for or against inclusion of such an instruction should be made by defendant himself. See Model Jury Charges, § 4.130, Note, Defendant's Election Not to Testify ... "ordinarily this can be discussed with the defendant and his counsel at the end of the State's case when the court is in the process of explaining to the defendant his right to make an election as to whether or not he wishes to testify and the *115 ramifications thereof." Obviously, no such discussion with defendant was possible in his absence. Although under ordinary circumstances the charge should not be given except upon request by defendant, State v. McNeil, 164 N.J. Super. 27, 30 & n. 1 (App.Div. 1978) certif. den. 79 N.J. 497 (1979) such instructions given over objection do not violate defendant's constitutional right against self-incrimination. Id. at 31.
Although neither defendant himself nor his trial attorney requested that the charge be given it may be reasonably anticipated that failure to give it would invite defendant's vigorous assertion that he had a right to have the jury so instructed  a right so personal that it could not be waived by counsel. Furthermore, his absence from the courtroom after the very first day of jury selection was quite obvious to the jurors. The "election not to testify" charge could not have "highlighted" his disappearance as suggested by defendant. The jury was undoubtedly keenly aware of his disappearance. Hence, the court was faced with the same kind of "Hobson's choice" as in State v. McNeil, supra, 164 N.J. Super. at 32-33, where both defendants elected not to testify but only one requested that the charge be given. It would have been error to refuse the charge because of the non-consenting defendant's objection. Id. at 31.
Defendant's absence made it impossible for him to make his own independent, knowing election. We cannot now know how defendant would have chosen had he been present. With the acuity of hindsight, we may reasonably conclude that it may have been wiser to omit the cautionary instruction. However, inclusion of the charge does not violate defendant's constitutional rights. Lakeside v. Oregon, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). Under the circumstances of this case, we find no prejudice to appellant in the inclusion thereof.
Those comments by the prosecutor which have provoked exceptions on appeal were not improper under the circumstances. *116 State v. Hill, 47 N.J. 490, 499 (1966) and were made in response to remarks of defense counsel. State v. Perry, 65 N.J. 45, 48-54 (1974). The evidence of appellant's guilt was overwhelming. We do not find that the prosecutor exceeded the bounds of fairness imposed upon him, State v. Mayberry, 52 N.J. 413, 437 (1968) cert. den. 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969) and any excessive zeal displayed was, in view of the strong proofs, harmless. State v. Macon, 57 N.J. 325 (1971).
Nor was there impermissible suggestiveness in the out of court identification. Hence, the out of court identification and those in court arranged by production of defendant's photographs in his absence, were properly admissible. State v. Thompson, 59 N.J. 396, 414 (1971). Defendant was identified, positively, by three witnesses. One of them when asked whether she had ever seen him before, blurted out, "Well, a week earlier ... he had robbed me." The judge denied motions by both defense counsel for a mistrial. The jury was instructed that the testimony was offered merely to show that the witness had seen the man on a previous occasion and thus recognized him; to show that she knew who he was but for no other purpose. They were told not to consider her statement for the truth of the charge of a prior robbery. We are satisfied that the offensive comment was not elicited deliberately and that under the circumstances the harm was not ineradicable by the immediate precautionary instructions. State v. Witte, 13 N.J. 598 (1953) cert. den. 347 U.S. 951, 74 S.Ct. 675, 98 L.Ed. 1097 (1954), reh. den. 347 U.S. 994, 74 S.Ct. 849, 98 L.Ed. 1127 (1954). In the framework of the evidence produced in this trial, the offensive comment was not "capable of producing an unjust result." State v. LaPorte, 62 N.J. 312, 318-319 (1973); State v. Thomas, 76 N.J. 344, 362 (1978); R. 2:10-2.
Affirmed.
NOTES
[*] Appellant's trial counsel here, recognizing his responsibility to the court and his client as a member of the bar of this state, continued his vigorous and thorough trial participation, as he is bound to do by our Code of Professional Responsibility, DR 2-110, despite his client's apparent complete failure to cooperate after his disappearance. See DR 7-101.