STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RUFUS L. HUDSON, DEFENDANT-APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RUSSELL SAMUEL HALL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 5, 1988—Decided July 15, 1988.

Before Judges J.H. COLEMAN and LONG.

*Alfred A. Slocum,* Public Defender, for appellant Rufus L. Hudson (*Lennox S. Hinds,* Designated Counsel, of counsel and on the letter brief).

*Alfred A. Slocum,* Public Defender, for appellant Russell Samuel Hall (*Faye R. Puddington,* Designated Counsel, of counsel and on the brief).

*W. Cary Edwards,* Attorney General, for respondent (*Linda K. Calloway,* Deputy Attorney General, of counsel and on the briefs).

The opinion of the court was delivered by

COLEMAN, J.H., P.J.A.D.

The substantial issue raised in these appeals is whether a new trial is required where defendants voluntarily absented themselves from the entire court proceedings before the trial commenced. We hold that *R.* 3:16 requires a reversal and new trial.

Defendants Russell Samuel Hall and Rufus L. Hudson were charged in five counts of Camden County Indictment 383-02–85. They were tried before a jury and found guilty on three counts of second degree aggravated assault, contrary to *N.J.S. A.* 2C:12–1b(1), second degree possession of a handgun with purpose to use it unlawfully, contrary to *N.J.S.A.* 2C:39–4a, and possession of a handgun without a permit, contrary to *N.J.S.A.* 2C:39–5b. Each defendant was sentenced to a custodial term of seven years with three years of parole ineligibility for using the gun to commit a second degree aggravated assault. They received concurrent sentences on the unmerged counts. Each defendant has appealed and we now consolidate the appeals.

Defendant Hudson contends:

1. DEFENDANT'S TRIAL IN ABSENTIA WAS NOT AUTHORIZED UNDER N.J. COURT RULE 3:16 AND WAS IN VIOLATION OF DEFENDANT'S RIGHTS SECURED BY THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF NEW JERSEY.

2. DEFENDANT WAS CONVICTED WITHOUT EVIDENCE THAT HE PURPOSELY OR KNOWINGLY ATTEMPTED TO CAUSE INJURY, AND

WITHOUT EVIDENCE THAT HE RECKLESSLY CAUSED INJURY. (NOT RAISED BELOW).

3. THE JURY WAS GIVEN A CHARGE ON AGGRAVATED ASSAULT WHICH ALLOWED IT TO FIND DEFENDANT GUILTY ON EVIDENCE THAT HE RECKLESSLY ATTEMPTED TO CAUSE INJURY. (NOT RAISED BELOW).

Defendant Hall contends:

1. CAN TRIAL OF A CASE COMMENCE AND CONTINUE TO CONCLUSION, IF A DEFENDANT IS NOT PRESENT WHEN THE FIRST FOURTEEN JURORS ARE EMPANELED FOR VOIR DIRE?

2. DEFENSE COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL WAS INEFFECTIVE ASSISTANCE OF COUNSEL, REQUIRING REVERSAL ON GROUNDS OF PREJUDICIAL ERROR.

3. IF THE DEFENDANT'S CONVICTION IS REVERSED, RETRIAL SHOULD BE BARRED ON GROUNDS OF DOUBLE JEOPARDY.

4. IT WAS PREJUDICIAL ERROR FOR THE COURT TO FAIL TO ALLOW CROSS-EXAMINATION OF STATE'S WITNESSES REGARDING THEIR OBSERVATIONS OF THE DEFENDANTS.

5. THE CONVICTION FOR POSSESSION OF WEAPONS FOR UNLAWFUL PURPOSES, *N.J.S.A.* 2C:39-4a, SHOULD MERGE INTO THE CONVICTION FOR AGGRAVATED ASSAULT, *N.J.S.A.* 2C:12-1b(1).

The essential facts are not disputed. Both defendants were scheduled to commence the trial on June 18, 1985. Counsel for Hall informed the court he wanted to argue a motion for another adjournment in order to prepare for trial. Before the motion was argued, the judge noticed that defendants were not in the courtroom. The trial judge observed "defendants have been here all day, the court has been ready to move the matter, in fact, the jury has been sent for." The judge concluded that the defendants "have absented themselves voluntarily, there is no question about that." The judge instructed the attorney to "proceed with your motion in the absence of the defendants since they themselves have absented themselves." After hearing argument on the motion for an adjournment, the motion was denied. Nothing further was said on the record respecting the disappearance of defendants before a jury panel was brought into the courtroom.

After the jury panel was brought into the courtroom, a side bar discussion was conducted. At that time the judge observed

"The defendants are not here and the court finds as a matter of fact they've absented themselves voluntarily from the proceedings, and in that case the matter may proceed in their absence. And it will do just that unless the prosecutor has objection." The prosecutor did not raise any objection.

Both defense counsel requested the court to issue bench warrants for defendants because counsel wanted their clients present. The judge denied the applications and stated "there is no reason to issue a bench warrant. They have a right to be at their own trial and they have a right to absent themselves from their trial. They've obviously elected the latter and, therefore we will proceed in their absence." A jury was then selected without the presence of either defendants. Defendants were tried in *absentia* and found guilty.

In these appeals both defendants contend that the trial court violated *R.* 3:16. That rule, in pertinent part, provides:

> The defendant *shall* be present at every stage of the trial including the impaneling of the jury ..., but the defendant's voluntary absence after trial has commenced in his presence shall not prevent its continuing.... [Emphasis added].

It is clear from the record, the defendants disappeared before the trial commenced. While a trial may commence before a jury is empaneled, as is often the case where prolonged *Evid.R.* 8 hearings are conducted, *see R.* 3:13–1(b), the transcripts of these proceedings contain nothing remotely resembling the commencement of a trial before defendants disappeared. *See State v. Lynch,* 177 *N.J.Super.* 107, 111 (App.Div.), certif. den. 87 *N.J.* 347 (1981). The trial judge in his colloquy with the attorneys, and in his findings, made no attempt to conclude that trial had commenced before defendants disappeared. On the contrary, he strongly intimated that they disappeared to prevent the trial from starting. After counsel for Hall argued for another adjournment, the judge said "I'm beginning to start to wonder about the absence of these defendants. I don't know that it could be some type of ploy that to bring the matter to a

point where the court might be forced to continue it. But that isn't going to work and it isn't going to happen."

Because of the mandatory language contained in *R.* 3:16, the trial judge was obligated to adjourn the trial which had not commenced. We appreciate the need to dispose of criminal trials without undue delay. But given the constitutionally required presence of defendants for the commencement of trial, *see State v. Smith,* 29 *N.J.* 561, 578 (1959), *cert.* den. 361 *U.S.* 861, 80 *S.Ct.* 120, 4 *L.Ed.*2d 103 (1959), their absence left the court without an alternative except to delay the trial. The court could have revoked bail and issued bench warrants. Because defendants disappeared before the trial commenced, the "voluntary absence" proviso of *R.* 3:16 cannot be invoked. The judgments of convictions are therefore reversed.

In view of our decision to reverse the convictions, we need not reach the other issues raised in these appeals.

The judgments are reversed and the matter remanded to the Law Division for a new trial.