**CITY OF MINOT, Plaintiff and Respondent,**

v.

**Saul DAVIS, Defendant and Appellant.**

**Cr. No. 275.**

Supreme Court of North Dakota.

Aug. 30, 1957.

Rehearing Denied Sept. 24, 1957.

Paul Campbell, Minot, for plaintiff and respondent.

Ella Van Berkom, Minot, for defendant and appellant.

BURKE, Judge.

The defendant was found guilty in Police Magistrate's Court of the City of Minot, of violating a city ordinance. He appealed from the judgment of the Police Magistrate to the District Court of Ward County. Upon motion of the city this appeal was dismissed by the district court and defendant has appealed to this court from the order of dismissal.

The motion to dismiss and the district court's order of dismissal were based upon the ground that the only appeal from police magistrate's court provided by the legisla-

ture requires a complete new trial in district court; that this new trial is an exercise of original and not appellate jurisdiction; that under Section 113 of the North Dakota Constitution the police magistrate has exclusive original jurisdiction of all cases arising under city ordinances; that an appeal by the method granted violates Section 113 of the Constitution and there being no other appellate procedure provided for with respect to police magistrate's court, no constitutional right of appeal from a judgment of that court exists.

Section 114 of the North Dakota Constitution provides:

"Appeals shall lie from the county court, final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law."

Section 40–1819, NDRC 1943, as amended by Chapter 266, Laws of N.D. 1955, provides for appeals from police magistrate's court. Section 33–1240, NDRC 1943, provides that such an appeal transfers the action to the district court for trial anew. The question before us here is whether such a trial, upon appeal, by the district court is an exercise of original jurisdiction and therefore, in a case arising under a municipal ordinance, in violation of Section 113 of the Constitution which vests exclusive original jurisdiction in such matters in police magistrate's court.

Recently, in the Matter of the Estate of Nystuen, N.D., 80 N.W.2d 671, we had occasion to consider this precise question. In the Nystuen case, the question arose in connection with a trial anew in the district court upon an appeal from county court in a probate matter of which, by Section 111 of the Constitution, the county court has exclusive original jurisdiction. In that case we gave the question extended consideration and reaffirmed the decision of this court in the Matter of Peterson's Estate, 22 N.D. 480, 134 N.W. 751, which held that a trial anew in district court, by virtue of a right of appeal and a statute directing the procedure upon appeal, is not the exercise by the district court of original jurisdiction. This is the settled law of this state. It follows that the order of the district court dismissing defendant's appeal was in error. The order is therefore reversed.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.