875 A.2d 986

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ALQUAN DWIGHT, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 1, 2004—Decided June 15, 2005.

Before Judges AXELRAD, R.B. COLEMAN and HOLSTON, JR.

*William Strazza,* attorney for appellant.

*Paula T. Dow,* Essex County Assistant Attorney General/Acting Prosecutor, attorney for respondent (*Joan E. Love,* Special Deputy Attorney General, of counsel and on the brief.)

The opinion of the court was delivered by

COLEMAN, J.A.D.

Defendant Alquan Dwight, who was tried twice in absentia, appeals from his conviction of first degree attempted murder, *N.J.S.A.* 2C:11–3 and *N.J.S.A.* 2C:5–1 (count one), second degree aggravated assault, *N.J.S.A.* 2C:12–1b (count two), third degree possession of a weapon, *N.J.S.A.* 2C:39–5b (count three) and second degree possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39–4a (count four). We affirm.

In his appeal, defendant raises the following issues for our consideration:

POINT I: THE TRIAL COURT ERRED WHEN IT DENIED DEFENSE COUNSEL'S MOTION TO ADJOURN THE SECOND TRIAL WITHOUT DATE.

POINT II: THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE STATE'S MOTION FOR EXTENDED TERM SENTENCING.

We have carefully considered defendant's arguments in light of the facts and applicable law, and we are not persuaded by defendant's assertions of error.

The matter arose out of a shooting in the early morning hours of December 18, 2000. The second jury obviously accepted the State's proofs that after a fight between Warren Comer a/k/a Shariff Drake and several other patrons of the Chaz Lounge in Newark, Comer grabbed defendant by the shirt and someone hit defendant in the head with a beer bottle. Defendant initially became furious and demanded that Comer tell him who had hit him. Comer said he did not know and defendant seemed to calm

down. Later, defendant and Comer, who had known each other for about ten years, walked with several others to defendant's sister's house, and defendant yelled for someone inside to call a cab for Comer. After waiting a brief time, defendant went inside, ostensibly to get a jacket, and when he returned, he pulled a gun and shot the unarmed Comer in the neck, paralyzing him from the chest down. He dragged Comer down the street and left him in front of a different residence on that block.

Defendant concedes he had notice of the first trial date and was informed in the pretrial memorandum that if he failed to appear, the trial could be conducted in his absence and he would be bound by the jury's verdict. We note specifically the pretrial memorandum, signed by defendant, included the following provisions:

1. I have been advised of my right to be present at the trial of this case. If I fail to appear for trial on the date scheduled for trial, the Court has the right to conduct the trial in my absence. If my case is not reached for trial on that date the judge will schedule a new date for trial. If I am not present on the original trial date, or any rescheduled trial date, the trial will proceed without me and I will be bound by the jury's verdict.

2. I further understand that if I do not appear for trial on the date fixed above or any adjourned trial date thereafter, I will lose any bail that has been posted and a bench warrant will be issued for my arrest.

Thereafter on the original adjourned trial date, March 10, 2003, defendant did not appear and a bench warrant was issued for his arrest. That day defense counsel called him and defendant said he would appear the next day, on March 11. He did not appear on that date.

In light of defendant's failure to appear for trial, the court directed that an inquiry be made, pursuant to *State v. Davis*, 281 *N.J.Super.* 410, 658 *A.*2d 303 (App.Div.1995), *certif. denied*, 145 *N.J.* 376, 678 *A.*2d 716 (1996), to determine whether defendant could be located at any local hospitals, local municipals jails or county jails, or the morgue. As a result of that inquiry and the court's inquiries of defense counsel, the court determined defendant's absence was knowing and voluntary. Under such circumstances, the trial was commenced on March 12, 2003, in defendant's absence; however, at the conclusion of the proofs, the jury

was unable to reach a unanimous verdict and the trial judge eventually declared a mistrial on March 20, 2003.

On April 1, 2003, defense counsel moved to adjourn the retrial of the matter without date. After reserving decision until April 3, 2003, the court denied the motion but did adjourn the retrial until April 14, 2003 for reasons unrelated to the *Hudson* issue.[1] According to court statements on the record, the matter was adjourned from April 3 to April 14 for two reasons: (1) to afford defendant's counsel an opportunity to investigate certain information that purportedly came to light during the first trial and (2) to accommodate the court's previously scheduled vacation during the week of April 7, 2003.

Jury selection for the retrial commenced on April 15, 2003. Defendant's whereabouts were still unknown at that time. This time, upon consideration of all of the proofs, the jury found defendant guilty on all four counts of the indictment. After the trial, defendant was arrested on May 20, 2003 on the outstanding bench warrant. On August 1, 2003, the court granted the State's motion for an extended term of imprisonment under the persistent offender statute and sentenced defendant to fifty-five years in state prison with a seventeen year period of parole ineligibility on the first degree attempted murder conviction in count one. Counts two and four were merged with count one and a concurrent five year term of imprisonment was imposed on count three.

■ Defendant argues to this court, as his attorney argued to the trial court, that the mistrial had the effect of terminating the validity of the prior *Hudson* notice and that, therefore, defendant

---

[1] In *State v. Hudson*, 119 *N.J.* 165, 574 *A.2d* 434 (1990), our Supreme Court held that "a defendant's knowing, voluntary, and unjustified absence before or after trial has commenced does not prevent trial from proceeding in absentia." *Id.* at 182, 574 *A.2d* 434. The court directed, however, that a more formal method of notification was appropriate and *R.* 3:16 be amended to require that trial courts inform a criminal defendant at the arraignment of the right to be present at trial and the consequences of the failure to appear. *Ibid.*

could not be deemed to have knowingly waived his right to be present at the second trial since he was not aware of the fact of the second trial or of its date of commencement. The State argues, as it did below, the mistrial resulted in a return to the status quo, that in effect, the scheduled retrial following the mistrial was not appreciably different from a rescheduled trial date after defendant voluntarily absented himself from the proceedings. Therefore, the State's argument continues, the *Hudson* notice was still applicable and was not terminated or negated by the mistrial.

The trial judge agreed with the State, reasoning that a defendant's right to be present at trial and the ability to waive that right have been recognized and included in the Rules of Court for the State of New Jersey, specifically *R.* 3:16. At the time that the mistrial and retrial arose, *R.* 3:16(b) provided in pertinent part as follows:

> The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by Rule. Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found either from (a) the defendant's express written or oral waiver placed on the record, or (b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after (1) the defendant has received actual notice in court or has signed a written acknowledgement of the trial date, or (2) trial has commenced in defendant's presence.

In *State v. Finklea,* 147 *N.J.* 211, 686 *A.*2d 322 (1996), *cert. denied,* 522 *U.S.* 837, 118 *S.Ct.* 110, 139 *L.Ed.*2d 63 (1997), our Supreme Court considered "whether a conviction may be upheld after a trial in absentia where, at a pretrial conference, a defendant is given actual notice of the trial date, time, and place of the trial and is advised that the trial will proceed in absentia if the defendant fails to appear on the scheduled trial date." *Id.* at 213, 686 *A.*2d 322. This court had held that it was error for the trial court to proceed in absentia because defendant who had notice of the original trial date, did not appear on that date and consequent-

ly did not receive notice of two rescheduled trial dates. The Court reversed, holding that "once a defendant has been given actual notice of a scheduled trial date, nonappearance on the scheduled or adjourned trial date is deemed a waiver of the right to be present during the trial absent a showing of justification by the defendant." *Ibid.*

This case differs from *Finklea* in that defendant failed to appear at the first trial and instead of the adjournment, the trial proceeded and ended in a hung jury and mistrial. Consequently, when the court assigned new dates for the retrial of the matter, defendant did not receive actual notice, though counsel who had defended him through the trial received such notice. Defendant's arguments that the *Hudson* notice given to inform him of the original trial date became ineffective as a result of the mistrial and that no inference of waiver of the right to be present at the retrial can be drawn are unpersuasive.

Defense counsel concedes that *Finklea* would have controlled if defendant had been convicted after his first trial. In support of his claim that a mistrial differs from an adjournment and terminates the entire proceedings, he argues that a mistrial is a sufficient change in circumstance to void the plea cut-off provisions of the pretrial memorandum and defendant probably would have had another opportunity to negotiate before the new trial commenced. We note the loss of the opportunity to negotiate was occasioned by defendant's unjustified absence, as was his ignorance of the date for resumption of the trial. Defendant also contends the plain language of *R.* 3:16(b) limits the application to one trial, not multiple trials on the same charges: a waiver may be found from "(b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after . . . (2) *trial* has commenced in defendant's presence." (emphasis added.) That argument ignores the history of the rule and its explicit expansion beyond its original limitation of waiver to the situation where defendant was present when the trial commenced.

Alternatively, defendant argues, for the first time on appeal, that the U.S. Supreme Court's decision in *Crosby v. United States,* 506 *U.S.* 255, 113 *S.Ct.* 748, 122 *L.Ed.*2d 25 (1993), places *Hudson* and the post-1992 version of *R.* 3:16 on shaky ground constitutionally. In other words, due process requires that trials be held in absentia only if defendant is present when the trial commences. *Id.* at 261–62, 113 *S.Ct.* at 752–53, 122 *L.Ed.*2d 25. The short answer to that alternative argument is that *Crosby* was not decided on constitutional grounds. The *Crosby* court said, "Because we find *Rule* 43 dispositive, we do not reach Crosby's claim that his trial in absentia was also prohibited by the Constitution." *Id.* at 262, 113 *S.Ct.* at 753, 122 *L.Ed.*2d at 33. Our Supreme Court has previously declared "Absent any constitutional mandate limiting trials in absentia to cases in which a defendant is present when the trial commences, *R.* 3:16 controls." *Finklea, supra,* 147 *N.J.* at 222, 686 *A.*2d 322.

█ The trial judge, relying on *Hudson,* amended *R.* 3:16 and *Finklea,* weighed defendant's constitutional right to be present at the trial and the policy reason of not vesting a defendant with the power to decide whether and when his trial will proceed. The judge was concerned with the victim's frail health and the prospect that he might not be available for a subsequent trial if it were substantially delayed. He also noted the procedure under *R.* 3:20–2 where defendant could argue his failure to appear at the second trial was justified as a basis for a new trial. The judge concluded the mistrial did not "break the chain of the criminal proceeding." He determined within his discretion that an inference should be drawn that defendant's failure to appear at the first trial gave rise to a further inference that he waived his right to appear in a subsequent trial. "The inference of a waiver is permissive, not mandatory." *State v. Sellars,* 331 *N.J.Super.* 110, 120, 751 *A.*2d 151 (App.Div.2000). A knowing and voluntary waiver on the part of defendant is sufficient to satisfy the Sixth and Fourteenth amendments.

█ Defendant also contends the trial court abused its discretion in granting the State's motion for extended term sentencing. He admits he was convicted of two separate crimes: (1) a 1996 third degree receiving stolen property for which he was sentenced to probation that he successfully completed and (2) a 2000 third degree burglary for which he also received a sentence of probation. He contends the sentencing judge's use of pending indictments violates the presumption of innocence and claims the court improperly relied on the existence of pending charges in determining it was necessary to protect the public from future offenses through deterrence. He argues this is a different situation from prior arrests which do not result in convictions that can be considered when weighing aggravating and mitigating factors.

Under *N.J.S.A.* 2C:44-3(a) and *State v. Dunbar*, 108 *N.J.* 80, 527 *A.*2d 1346 (1987), there was ample basis to sentence defendant to an extended term. Setting aside defendant's fifteen arrests as an adult, a disorderly persons conviction and three municipal bench warrants, defendant had two prior indictable convictions. He also had the four pending indictments. We find no abuse of discretion on the part of the trial judge who imposed the presumptive term for a first degree offense. Defendant does not dispute he was eligible for an extended term. The extended term imposed is consistent with the language and intent of the persistent offender statute.

Affirmed.