2006 ND 177

**CITY OF FARGO, Plaintiff
and Appellee,**

v.

**Eldin Nino KOMAD, Defendant
and Appellant.**

No. 20050452.

Supreme Court of North Dakota.

Aug. 16, 2006.

Tristan J. Van de Streek, City Prosecutor, Fargo, N.D., for plaintiff and appellee.

Jesse N. Lange (argued), Aaland Law Office, Fargo, N.D., and L. Patrick O'Day Jr. (on brief), Fargo, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]   Eldin Komad appealed from a district court judgment of conviction for theft alleging his constitutional and statutory right to be present at trial was violated by the district court.  Komad was charged with theft by the City of Fargo.  Komad initially appeared and was tried and convicted in Fargo Municipal Court.  Komad appealed his municipal court conviction to the district court. Komad was not present on his scheduled trial date in the district court.  The district court conducted Komad's trial despite his absence.  Komad was found guilty of the theft crime.  We reverse and remand.

## I

[¶ 2] On December 12, 2005 at 1:30 p.m., the date scheduled for trial in the district court, Komad's attorney was present but Komad was not. Komad's attorney explained to the judge that Komad contacted his attorney that day to explain he was stranded in Chicago due to bad weather and he was waiting for a flight. Komad's attorney explained Komad would not be in Fargo until 4 p.m. that day.

[¶ 3] Due to Komad's absence, his attorney requested a continuance. The City opposed the continuance arguing Komad's excuse was false. The City asked that a bench warrant be issued. The judge listened to the request, denied the continuance and asked if it would be appropriate to dismiss the appeal. The City then moved to dismiss Komad's appeal. The district court judge stated the trial would proceed or the appeal would be dismissed. Komad's attorney stated he had no choice but to proceed with the trial despite Komad's absence. The bench trial proceeded and Komad was convicted of the theft charge. Komad asks this Court to reverse his conviction and remand the case for a new trial.

## II

[¶ 4] Section 40–18–19, N.D.C.C., allows a defendant to appeal a municipal court judgment of conviction to the district court "in accordance with the North Dakota Rules of Criminal Procedure." N.D.C.C. § 40–18–19 (2005 Supp.). When a defendant appeals a municipal court conviction to the district court, the action is transferred "to such district court for trial anew." *Id.;* N.D.R.Crim.P. 37(j); *City of Grand Forks v. Lamb,* 2005 ND 103, ¶ 7, 697 N.W.2d 362. "The district court does not review the record and decision of the municipal court, but holds an entirely new trial and independently determines wheth-er the defendant has violated the ordinance." *Lamb,* at ¶ 7; *see City of Bismarck v. Uhden,* 513 N.W.2d 373, 380 (N.D.1994) (stating that although the appeal procedure under N.D.C.C. § 40–18–19 is "cumbersome and duplicative," appeals must be for trial anew because municipal courts are not courts of record).

## III

[¶ 5] The right of a defendant to be present at trial is rooted in the Confrontation Clause of the Sixth Amendment to the United States Constitution. *City of Mandan v. Baer,* 1998 ND 101, ¶ 8, 578 N.W.2d 559. The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him" in all criminal prosecutions. U.S. Const. Amend. VI; *Baer,* at ¶ 8. We have a similar guarantee in the North Dakota Constitution: "In criminal prosecutions in any court whatever, the party accused shall have the right ... to appear and defend in person." N.D. Const. art. I, § 12; *Baer,* at ¶ 8. "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

[¶ 6] "North Dakota has long recognized the constitutional right of a defendant to be personally present during the whole of a trial." *Baer,* 1998 ND 101, ¶ 9, 578 N.W.2d 559. The right to be present is not absolute and may be voluntarily waived by the defendant. N.D.R.Crim.P. 43(c)(1) and (2); *Baer,* at ¶ 9. The right may also be lost by a defendant's unruly and disruptive behavior. N.D.R.Crim.P. 43(c)(3); *Baer,* at ¶ 9.

[¶ 7] Here, however, Komad did appear in the municipal court for trial and the current proceeding is an appeal from the conviction in municipal court. In *City*

*of Minot v. Davis,* 84 N.W.2d 891, syll. 1 (N.D.1957), this Court held: "A trial anew in district court, by virtue of a right of appeal and a statute directing the procedure upon appeal, is not the exercise of original jurisdiction by the district court." We conclude Komad's constitutional right to be present at trial was met when he appeared and was tried in municipal court and that there is no constitutional right to be present for trial anew on appeal.

## IV

[¶ 8]   However, in addition to the constitutional guarantee, N.D.R.Crim.P. 43(a), one of the rules of criminal procedure made applicable to the appeal by N.D.C.C. § 40–18–19 requires a defendant to be present at the initial appearance, the arraignment, the plea, every stage of the trial, and sentencing.   The defendant waives the right to be present at trial under N.D.R.Crim.P. 43(c) if, after being initially present at trial or having pleaded guilty, the defendant is voluntarily absent or persists in disruptive conduct justifying the removal of the defendant from the courtroom.   Rule 43(b), N.D.R.Crim.P., states the defendant need not be present for a misdemeanor offense if the defendant gives written consent for arraignment, plea, trial, and sentencing to occur in the defendant's absence, the proceeding involves a conference or hearing on a question of law, or the proceeding involves a sentence correction or reduction.

[¶ 9]   In construing a statute whose language is clear, certain and unambiguous, the only duty of the court is to give effect to legislative intent expressed therein and, if the statute does not violate some provision of the constitution, the court must give effect to the law. *Brenna v. Hjelle,* 161 N.W.2d 356 (N.D.1968). We will not disregard the letter of the statute under the pretext of pursuing its spirit and

only when the statute is ambiguous on its face will we resort to legislative intent. *Douville v. Pembina County Water Resource Dist.,* 2000 ND 124, 612 N.W.2d 270.   We apply the same settled principle of construction to the rules we adopt as we do to the statutes enacted by our co-equal branch of government.

[¶ 10]   Here, the statute unambiguously provides that an appeal from a municipal court judgment of conviction to the district court is to be "in accordance with the North Dakota Rules of Criminal Procedure."   There is no ambiguity in those words.   Although ordinarily judicial procedure is for the judicial branch to determine, N.D. Const., Art. VI, § 3. Section 8 of the Constitution provides that the "district court shall have ... such appellate jurisdiction as may be provided by law or by rule of the supreme court."   Thus the judicial and legislative branches share authority when establishing the procedure for the appellate jurisdiction of the district court.

[¶ 11]   The Legislature exercised its authority in authorizing an appeal from municipal court to the district.   While there may be no constitutional requirement for an appeal in these instances in which the defendant has not chosen to remove the action to district court in order to have it tried by a jury, *see* N.D.C.C. § 40–18–15.1, once the Legislature has authorized the right to appeal it becomes the obligation of the judicial branch to assure that the right of the defendant to that appeal is protected.   The legislative grant of the right of an appeal from municipal court contains two components, one, that the appeal is to take the form of a "trial anew" and the second is that it be taken in accordance with the North Dakota Rules of Criminal Procedure.   The "trial anew" provision recognizes that municipal courts are not courts of record, *see* N.D.C.C.

§ 27–01–01, and there is no record for the district court to review on appeal. The second component of the statutory right to appeal is that it be taken in accordance with the North Dakota Rules of Criminal Procedure. Rule 37, N.D.R.Crim.P., entitled "Appeal As Of Right To District Court; How Taken" specifies the procedure in taking the appeal but it does not specify the procedure of the "trial anew" once the appeal is taken. The proceedings at the actual trial are necessarily found in the other rules of criminal procedure.

[¶ 12] There is no limitation in the legislation as to the Rules of Criminal Procedure applicable to the appeal from municipal court nor has the judicial branch supplied any such limitations. Rule 43 of the North Dakota Rules of Criminal Procedure, entitled "Defendant's Presence" and found under the heading "General Provisions" therefore applies to appeals from municipal courts as well as to criminal actions initiated in district court. Rule 43, N.D.R.Crim.P., provides in part:

(a) When Required. Unless this rule provides otherwise, the defendant must be present at:

. . . .

(2) every trial stage, including jury impanelment and the return of the verdict;

. . . .

(b) When Not Required.

A defendant need not be present under any of the following circumstances:

(1) *Misdemeanor Offense.* The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

(2) *Conference or Hearing on Legal Question.* The proceeding involves only a conference or hearing on a question of law.

(3) *Sentence Correction.* The proceeding involves the correction or reduction of sentence under Rule 35.

(c) Waiving Continued Presence. The further progress of the trial, including the return of the verdict and the imposition of sentence, may not be prevented and the defendant waives the right to be present if the defendant, initially present at trial or having pleaded guilty:

(1) is voluntarily absent after the trial has begun (whether or not the defendant has been informed by the court of the obligation to remain during the trial);

(2) is voluntarily absent at the imposition of sentence; or

(3) after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct that justifies the defendant's exclusion from the courtroom.

[¶ 13] Clearly under Rule 43(a) the defendant must be present at the actual trial as well as other proceedings in addition to trial. Rule 43(b) specifies when the presence of the defendant is not required. None of those provisions is applicable to the facts in this case. Rule 43(c) specifies when the defendant waives the right to be present at trial. Again, none of those provisions is applicable to the case at hand.

[¶ 14] Nothing in the record indicates Komad gave written consent to be tried in absentia or otherwise voluntarily waived his right to be present at trial. Rule 43, N.D.R.Crim.P., provides the defendant voluntarily waives the right to be present by actions taken after being initially present at trial; thus the right to be present is not absolute and can be waived without the defendant's consent if the defendant is unruly or disruptive during the trial and the defendant's behavior justifies removing the defendant from the court-

room, or if the defendant is voluntarily absent after trial has begun. Here, Komad was never present at trial in the district court.

[¶ 15] The City argued Komad's excuse for his absence from the trial was false but the City failed to support its assertion with any evidence. Furthermore, assuming for purpose of argument only, that the district court had the discretion to dismiss the case or order it to trial without the presence of the defendant, the district court made no findings. We are without reason as to why, on the record before us, the district court insisted on conducting the trial in Komad's absence or dismissing the appeal other than his failure to appear. Whether that failure was justified or unjustified is not apparent, yet that determination is essential in determining whether the trial court abused its discretion in giving Komad's counsel the Hobson's choice between dismissal or proceeding with trial without Komad being present. On this record, neither choice protected Komad's statutory rights.

[¶ 16] Komad was tried in violation of N.D.R.Crim.P. 43. The City speculates the error was harmless but predicates its speculation on the premise that the district judge had the discretion to dismiss Komad's appeal to the district court. The district judge's discretion was to determine whether to grant the continuance or issue a bench warrant for Komad or to do both. We have concluded that dismissal of the appeal would have been a violation of N.D.R.Crim.P. 43 and the judge was without discretion to dismiss. The error was not harmless.

V

[¶ 17] We reverse and remand for a new trial.

[¶ 18] CAROL RONNING KAPSNER, J., concurs.

MARING, Justice, concurring specially.

[¶ 19] I respectfully concur specially. I write only to state that I am of the opinion both Rule 43 and Rule 37, N.D.R.Crim.P., should be amended to provide for summary affirmance of the judgment when the defendant abandons his appeal from municipal court by failing to appear at the trial anew in district court. I agree with the dissent that it was the intent of those developing Rule 37 that such a remedy should be available for this situation. The drafters relied on N.D.C.C. § 33–12–41 to provide that remedy, but it has been repealed without this remedy being incorporated into our rules of criminal procedure.

[¶ 20] Without this remedy, the district court will be required to expend funds and time issuing bench warrants for all those defendants who decide to abandon their appeals by absenting themselves from the trial anew. This is a waste of judicial resources, when a trial has already taken place. The district court should have the ability to summarily affirm the municipal court judgment under that circumstance.

[¶ 21] MARY MUEHLEN MARING

SANDSTROM, Justice, dissenting.

[¶ 22] Because the district court proceeded properly, the judgment should be affirmed. Eldin Komad's argument that the district court violated his constitutional right to be present at trial is without merit. Further, the district court's actions were consistent with our rules and statutes. I, therefore, respectfully dissent.

I

[¶ 23] In Fargo Municipal Court, Komad was charged with theft. At a bench

trial, Komad was found guilty. He appealed to the district court for "trial anew" as provided by N.D.C.C. § 40–18–19.

[¶ 24] On December 12, 2005, at 1:30 p.m., the date scheduled for the "trial anew" on appeal in the district court, Komad's attorney was present, but Komad was not. Komad's attorney told the court that Komad had notice of the trial and that Komad, having called earlier that day to say he was "stuck" in Chicago because of bad weather, was "apparently" waiting for a flight. Komad's attorney said Komad would not be in Fargo until 4:00 p.m. that day.

[¶ 25] Komad's attorney requested a continuance. The City opposed the continuance, arguing Komad's excuse was false. The City asked that a bench warrant be issued. The court denied the continuance. The City then moved to dismiss Komad's appeal. The court stated the trial would proceed or the appeal would be dismissed. Komad's attorney stated he would proceed with the trial despite Komad's absence. At the conclusion of the trial anew, the court ruled that the prosecution had met its burden, and judgment of conviction was entered. Komad appealed to this Court.

[¶ 26] The municipal court had jurisdiction under N.D.C.C. § 40–18–01(1). The district court had appellate jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06(4) and 40–18–19. Komad's appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 29–28–06.

## II

[¶ 27] On appeal to this Court, Komad argues the district court should have delayed the trial anew in district court until he could be present because he has a constitutional right to be present during every stage of trial. The City argues no error occurred because Komad was present at his first trial in municipal court, his absence was voluntary, and the district court judge had the discretion to dismiss the case when Komad failed to appear at the district court appeal.

## A

[¶ 28] The right of a defendant to be present at trial is rooted in the Confrontation Clause of the Sixth Amendment to the United States Constitution. *City of Mandan v. Baer*, 1998 ND 101, ¶ 8, 578 N.W.2d 559. The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him" in all criminal prosecutions. U.S. Const. amend. VI. The North Dakota Constitution also provides: "In criminal prosecutions in any court whatever, the party accused shall have the right ... to appear and defend in person." N.D. Const. art. I, § 12.

[¶ 29] A fundamental error in Komad's argument is that he perceives the district court proceeding as being the original trial rather than an appeal. Komad asserts, "He was not present for any part of his trial." Komad was, in fact, as the record explicitly reflects, present for his trial in municipal court. Komad concedes that the right to be present is not absolute; however, the defendant may waive this right. N.D.R.Crim.P. 43(c)(1) and (2); *Baer*, at ¶ 9. Rule 43(c), N.D.R.Crim.P., provides, in relevant part:

> The further progress of the trial, including the return of the verdict and the imposition of sentence, may not be prevented and the defendant waives the right to be present if the defendant, initially present at trial or having pleaded guilty:
>
> (1) is voluntarily absent after the trial has begun (whether or not the de-

fendant has been informed by the court of the obligation to remain during the trial);

(2) is voluntarily absent at the imposition of sentence; . . . .

Here the defendant was initially present at trial and absented himself from his appeal "trial anew." Under Rule 43, Komad waived his right to be present.

[¶ 30] The Federal courts, with their corresponding Rule 43, have held that a defendant's constitutional rights have not been violated when a defendant had notice of the trial and failed to appear, including subsequent trials, and the court can proceed without the defendant's presence. For example, in *United States v. Barton*, 647 F.2d 224, 238 (2d Cir.1981), the court held that the defendant voluntarily waived his right to be present at trial when the week prior to trial he had surgery that, although needed, the defendant had known about for seventeen months:

It is beyond dispute that a defendant has a constitutional right to be present at the trial of charges against him. *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). It is well settled, however, that this right may be waived if the defendant voluntarily and deliberately absents himself from the trial without good cause. E.g., *United States v. Reed*, 639 F.2d 896 (2d Cir.1981); *United States v. Pastor*, 557 F.2d 930 (2d Cir.1977); *United States v. Tortora*, 464 F.2d 1202 (2d Cir.), cert. denied, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). In the present case, the parties had agreed on November 14, 1979, that the voir dire would begin on January 8, 1980. Barton's attorney stated that Barton had no objection, and thereafter informed Barton of the date on which trial was to begin. Nonetheless, less than one week before trial, Barton elected to undergo spinal surgery. At the hearing on Barton's severance motion Barton's physician testified that, while medically necessary, the operation was not performed on an emergency basis; that he had diagnosed Barton's condition in August 1978, some 17 months earlier, and had several times thereafter unsuccessfully urged Barton to undergo surgery. He stated that Barton's request for surgery in January 1980 came "out of the blue."

*Id.; see also State v. Dwight*, 378 N.J.Super. 289, 875 A.2d 986, 989 (Ct.App.Div. 2005) (the defendant's notice of time and location of the first trial, for which he was absent and which ended in a mistrial, gave him notice of the second trial, in which he was absent but convicted, so his constitutional rights were not violated).

[¶ 31] Komad had been present throughout his trial in municipal court, and he had his full right to confront the witnesses against him. Furthermore, the evidence in the record reflects that he was not denied similar opportunities in his district court appeal, except as a result of his own actions. Therefore, Komad's claim that he had a constitutional right to be present at his district court appeal fails.

[¶ 32] Even viewing the trial anew in district court as an original proceeding, under Rule 43, N.D.R.Crim.P., and consistent with the defendant's constitutional rights, the district court could properly have proceeded in Komad's absence.

B

[¶ 33] The constitutional right to be present applies to trials, however, and not to appeals. There is no constitutional right to a state court appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 160, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); *State v. Causer*, 2004 ND 75, ¶ 22, 678 N.W.2d 552. Furthermore, there is no constitutional right of a defendant-ap-

pellant to be present for an appeal. *Martinez*, at 163, 120 S.Ct. 684 ("a lay appellant's rights to participate in appellate proceedings have long been limited by the well-established conclusions that he has no right to be present during appellate proceedings").

[¶ 34] In *City of Minot v. Davis*, this Court unanimously held, "A trial anew in district court, by virtue of a right of appeal and a statute directing the procedure upon appeal, is not the exercise of original jurisdiction by the district court." 84 N.W.2d 891, syll. 1 (N.D.1957). This Court explained:

> The defendant was found guilty in Police Magistrate's Court of the City of Minot, of violating a city ordinance. He appealed from the judgment of the Police Magistrate to the District Court of Ward County. Upon motion of the city this appeal was dismissed by the district court and defendant has appealed to this court from the order of dismissal.
>
> The motion to dismiss and the district court's order of dismissal were based upon the ground that the only appeal from police magistrate's court provided by the legislature requires a complete new trial in district court; that this new trial is an exercise of original and not appellate jurisdiction; that under Section 113 of the North Dakota Constitution the police magistrate has exclusive original jurisdiction of all cases arising under city ordinances; that an appeal by the method granted violates Section 113 of the Constitution and there being no other appellate procedure provided for with respect to police magistrate's court, no constitutional right of appeal from a judgment of that court exists.
>
> Section 114 of the North Dakota Constitution provides:
>
> > Appeals shall lie from the county court, final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law.
>
> Section 40–1819, NDRC 1943, as amended by Chapter 266, Laws of N.D. 1955, provides for appeals from police magistrate's court. Section 33–1240, NDRC 1943, provides that such an appeal transfers the action to the district court for trial anew. The question before us here is whether such a trial, upon appeal, by the district court is an exercise of original jurisdiction and therefore, in a case arising under a municipal ordinance, in violation of Section 113 of the Constitution which vests exclusive original jurisdiction in such matters in police magistrate's court.
>
> Recently, in the *Matter of the Estate of Nystuen*, N.D., 80 N.W.2d 671, we had occasion to consider this precise question. In the *Nystuen* case, the question arose in connection with a trial anew in the district court upon an appeal from county court in a probate matter of which, by Section 111 of the Constitution, the county court has exclusive original jurisdiction. In that case we gave the question extended consideration and reaffirmed the decision of this court in the *Matter of Peterson's Estate*, 22 N.D. 480, 134 N.W. 751, which held that a trial anew in district court, by virtue of a right of appeal and a statute directing the procedure upon appeal, is not the exercise by the district court of original jurisdiction. This is the settled law of this state. It follows that the order of the district court dismissing defendant's appeal was in error. The order is therefore reversed.

*Id.* at 891–92. Thus, this Court has clearly held that the proceeding in district court after conviction in municipal court is appellate in nature, not an original proceeding.

[¶ 35] The fact that the rule provides for a "trial anew" does not change the proceeding from an appeal into an original trial. In an appeal from a judgment of a municipal court, the evidence is "heard anew" because the evidence is not recorded or transcribed in municipal court. N.D.C.C. §§ 27–01–01, 40–18–19; *see also City of Bismarck v. Uhden*, 513 N.W.2d 373, 380 (N.D.1994) (the appeal procedure under N.D.C.C. § 40–18–19 is "cumbersome and duplicative," but must be for trial anew because municipal courts are not courts of record). This Court long provided for a "trial de novo" or a "trial anew" on appeal to it. *See* Herbert L. Meschke & Ted Smith, *The North Dakota Supreme Court: A Century of Advances*, 76 N.D. L.Rev. 217, 277–82 (2000) (detailing the history of "trial anew" in North Dakota and the elimination of the practice on appeal to the Supreme Court). This Court just recently eliminated a "procedure similar to the former trial de novo" for appeals of juvenile cases. *Adoption of S.R.F.*, 2004 ND 150, ¶ 7, 683 N.W.2d 913; *see also* N.D.R.Civ.P. 52, Explanatory Note ("Subdivision (a) was further amended, effective March 1, 2004, to provide that findings of fact in juvenile matters, including referee findings adopted by the district court, are not to be set aside unless clearly erroneous."). Although in neither of these cases did the Court hear new witnesses, it decided the facts itself on the basis of the transcribed testimony and submitted exhibits. That practice did not change the status of a case before this Court to an exercise of original trial jurisdiction; the posture of the case was still that of an appeal.

### C

[¶ 36] Although not necessary to the resolution of this case, the history of the statute and the rule also do not support Komad's position.

[¶ 37] Before our statutes provided for the appeal to district court as provided by the Rules of Criminal Procedure, the statutes themselves provided for the procedure on appeal to the district court. North Dakota Century Code § 40–18–19 (1968) provided:

> An appeal may be taken to the district court from any judgment in a municipal judge's court in the same form and manner as appeals are taken and perfected from a judgment of conviction of a defendant in justice court, and in accordance with sections 33–12–34, 33–12–35, and 33–12–39, and shall be tried in the district court in accordance with sections 33–12–40 and 33–12–41, and bail shall be taken in accordance with sections 33–12–36 and 33–12–37, and witnesses may be placed under bond as provided for in section 33–12–38. On all appeals from a determination in a municipal judge's court the district court shall take judicial notice of all the ordinances of the city.

The statutes specifically provided that if the defendant failed to appear in district court when he was required to do so, the appeal would be affirmed summarily. Section 33–12–41, N.D.C.C. (1960), incorporated by reference in the statute above, provided:

> No appeal from the judgment of a county justice in a criminal action shall be dismissed. If the appeal is not taken in time or if the defendant fails to appear in the district court when his presence is required, the judgment of the justice shall be affirmed summarily and entered as the judgment of the district court and carried into effect as such.

[¶ 38] In 1968–1969, when the new Rules of Criminal Procedure were being developed, the discussion turned to appeals from municipal court to the district court and reflected a consensus that the proce-

dural aspects should be governed by rules as opposed to statutes. Because there were not yet Rules of Appellate Procedure, the provisions were put into the criminal rules but were specifically labeled as applying to appeals to district court.

[¶ 39] The minutes of the Joint Committee of the Judicial Council and the State Bar Association for the Adoption of Rules of Criminal Procedure, February 20, 1969, at page 16, reflect:

> Mr. Sand also read the comments accompanying the draft. He then moved the adoption of Rule 37(a)(1) as read. Mr. Persinger seconded the motion.
>
> Mr. Sand said that he thinks that unless we have new appellate rules, we should have something in our criminal rules relating to appellate procedures.

The minutes of the Joint Committee of the Judicial Council and the State Bar Association for the Adoption of Rules of Criminal Procedure, May 15, 1969, at page 3, reflect:

> Mr. Sand said that his thinking, in developing Rule 37, was that what may be appealed is a matter that should be covered by statute, but that procedure to be followed in making an appeal is properly governed by a rule.

The committee specifically labeled Rule 37 as governing appeals to district court. The committee's discussion, at page 4, reflects why the title is relevant:

> Judge Burdick objected to the wording of the headings of certain subsections of Rule 37, stating that they were not part of the rule but simply headings. Mr. Sand noted that there is a difference between the titles of statutes and those of rules, in that the titles of statutes are composed by persons other [than] those who adopt the statutes, but in the case of rules, the titles are written by the composers of the rules.

[¶ 40] The minutes reflect that the committee considered the provision provid-

ing for summary affirmance of the appeal in district court if the defendant-appellant failed to appear. The minutes of the Joint Committee of the Judicial Council and the State Bar Association for the Adoption of Rules of Criminal Procedure, July 10, 1969, at page 5, reflect:

> Mr. Sand asked: Should anything be said in this rule about § 33–12–41, Appeal not dismissed—When judgment affirmed? He read the section:
>
>> 33–12–41. Appeal not dismissed—When judgment affirmed.—No appeal from the judgment of a county justice in a criminal action shall be dismissed. If the appeal is not taken in time or if the defendant fails to appear in the district court when his presence is required, the judgment of the justice shall be affirmed summarily and entered as the judgment of the district court and carried into effect as such.
>
> Mr. Sand asked: By adopting the rule are we abrogating this section?
>
> Judge Muggli asked: Should another subsection be added to the rule providing for abandonment of appeal?
>
> Judge Burdick said he would favor marking § 33–12–41 for revision but basically to be retained.
>
> Judge Muggli said he would like to have a similar section that would apply.

[¶ 41] The committee ultimately decided the statutory provision should be retained and listed the section as having been considered but not superceded. *See* N.D.R.Crim.P. 37, Explanatory Note. Thus the history reflects the drafters' specific intent that if a defendant-appellant fails to appear in district court, the appeal should be affirmed summarily. Even though, after the unification of the courts over the decades, section 33–12–41 is no longer in the Century Code, it continues to be referenced in the North Dakota Rules of Criminal Procedure. *Id.*

## D

[¶ 42] The defendant-appellant had been present throughout his municipal court trial. Under Rule 43 and consistent with constitutional rights, the defendant having been present at trial and having not appeared, the district court could proceed. The words and history of Rule 37 and the statute reflect that the district court proceeding was a first-level appellate proceeding. There was no constitutional right to a state court appeal and no constitutional right for a defendant to be present on appeal. The rulemaking history reflects a specific intent that in the absence of the defendant-appellant, the appeal could have been affirmed summarily. Because the district court could have proceeded or affirmed summarily, it did not err by doing the former.

## III

[¶ 43] The criminal judgment of the district court should be affirmed.

[¶ 44] DANIEL J. CROTHERS, dissents.