2013 ND 200

### CITY OF FARGO, Plaintiff and Appellee

v.

### Jason William WHITE, Defendant and Appellant.

#### No. 20130191.

Supreme Court of North Dakota.

Nov. 21, 2013.

Jodi A. Bass (argued), and Kristal Kadrie (on brief), City Prosecutors, Fargo, ND, for plaintiff and appellee.

Stormy R. Vickers, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Jason White appeals from a district court order summarily affirming a municipal court judgment of conviction for disorderly conduct.   Because the district court's summary affirmance was improper under N.D.R.Crim.P. 37($l$), we reverse and remand.

I

[¶ 2]   A criminal complaint was filed against White alleging he violated a

Fargo Municipal Ordinance prohibiting disorderly conduct. After a municipal court trial, White was convicted. He appealed to the Cass County District Court pursuant to N.D.R.Crim.P. 37, and the district court held another arraignment, at which White again pled not guilty. The district court then issued a scheduling order which required White to personally appear at a subsequent dispositional conference. The scheduling order also set dates for a jury trial, bench trial, and change of plea hearing. It is unclear why the district court scheduled another arraignment or used the form of scheduling order it used. It appears that the scheduling order was a generic form used when a jury trial is available. However, a party who has waived a jury trial in municipal court and appealed a conviction to district court is not entitled to a jury trial. N.D.C.C. § 40–18–15; *see also City of Bismarck v. Fettig*, 1999 ND 193, ¶ 19, 601 N.W.2d 247 (concluding that N.D.C.C. § 40–18–15.1's language requiring a municipal defendant to request transfer and a jury trial in writing in order to avoid waiver supercedes § 40–18–15's implicit reservation of the right to a jury trial for municipal defendants who do not otherwise waive the right).

█ [¶ 3] White failed to appear at the dispositional conference scheduled in district court, but his attorney was present and requested a continuance or, alternatively, that the trial proceed as scheduled on the order. The district court stated on the record that, because of White's absence, it would dismiss or, in the alternative, summarily affirm the municipal court's judgment. The district court then issued a written order summarily affirming the municipal court judgment. When there is a discrepancy between a district court's oral and written orders, the written order controls and supersedes the ruling made from the bench. *See Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 26, 705 N.W.2d 836. The record on appeal includes a court-approved stipulated statement of the case, in which the parties indicated the court's action was taken under N.D.R.Crim.P. 37(*l*), which deals only with summary affirmance. We therefore analyze the district court's actions as a summary affirmance of a municipal court judgment.

II

█ [¶ 4] On appeal, White argues that the district court's summary affirmance of his case at the dispositional conference was improper under N.D.R.Crim.P. 37(*l*). *City of Grand Forks v. Lamb*, 2005 ND 103, ¶ 7, 697 N.W.2d 362, lays out the procedure for an appeal of a municipal court judgment to the district court:

When a defendant appeals to the district court from a conviction in municipal court, the action is transferred to the district court for trial anew. N.D.C.C. § 40–18–19; N.D.R.Crim.P. 37(j). The district court does not review the record and decision of the municipal court, but holds an entirely new trial and independently determines whether the defendant has violated the ordinance. *See City of Bismarck v. Uhden*, 513 N.W.2d 373, 380 (N.D.1994) (although the appeal procedure under N.D.C.C. § 40–18–19 is "cumbersome and duplicative," appeals must be for trial anew because municipal courts are not courts of record). If the district court finds a violation it enters a judgment of conviction, which is appealable to this Court under N.D.C.C. § 29–28–06.

[¶ 5] In *City of Fargo v. Komad*, this Court was presented with the question of how a district court may proceed when a defendant does not appear for his trial

anew. 2006 ND 177, 720 N.W.2d 619. This Court determined that, under the statute as written at the time, a district court had no other option but to continue the case until the defendant's presence could be procured. *Id.* at ¶¶ 13–16. In her concurrence, Justice Maring suggested that N.D.R.Crim.P. 37 be amended to provide for summary affirmance when a defendant fails to appear at the trial anew. *Id.* at ¶ 19 (Maring, J., concurring). Following this Court's decision in *Komad,* a provision was added to Rule 37 stating "[i]f the appellant fails to appear at the trial anew, the district court must summarily affirm the judgment and enter it as a judgment of the district court...." N.D.R.Crim.P. 37(*l*); *see Minutes of the Joint Procedure Comm.* 8 (Sept. 28–29, 2006).

[¶ 6] This Court interprets rules of court in accordance with principles of statutory construction. *State v. Herauf,* 2012 ND 151, ¶ 7, 819 N.W.2d 546. Statutory interpretation is a question of law fully reviewable on appeal. *McDowell v. Gillie,* 2001 ND 91, ¶ 11, 626 N.W.2d 666. In statutory interpretation, this Court's primary objective is "to ascertain the intent of the Legislature by looking at the language of the statute itself and giving it its plain, ordinary, and commonly understood meaning." *Id.* (citation omitted). This Court first looks to the statutory language, and if the language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears...." N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

[¶ 7] On its face, the language of the summary affirmance subdivision is clear that it applies only when the defendant does not appear at the trial anew. Thus, summary affirmance is improper at hearings, such as dispositional conferences, which occur before the trial anew. We do not address the discretion of the court to dismiss an appeal under N.D.R.Crim.P. 37(a)(2) when neither the appellant nor counsel appears at such pretrial hearings. Because the district court's order was based on the summary affirmance subdivision, it must be reversed.

### III

[¶ 8] We reverse the district court order and remand for further proceedings.

[¶ 9] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

CROTHERS, Justice, concurring in part and dissenting in part.

[¶ 10] I agree with the majority that the district court erred summarily affirming the appeal under N.D.R.Crim.P. 37(1). However, I respectfully dissent from that part of the decision reversing the district court.

[¶ 11] This Court long has embraced the rule that we will affirm if the district court is right for the wrong reason. *Investors Title Ins. Co. v. Herzig,* 2010 ND 169, ¶ 40, 788 N.W.2d 312 ("[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning.") (quoting *Sanders v. Gravel Products, Inc.,* 2008 ND 161, ¶ 9, 755 N.W.2d 826). We also eschew labels used by parties and courts, and examine the substance of district court motions and pleadings. *In re N.C.C.,* 2000 ND 129, ¶ 11, 612 N.W.2d 561 ("We are not bound by the district court's or a party's label,

and may look to the substance of the motion to determine its proper classification. 'Improper labels are not binding on appeal.' *Cumber v. Cumber*, 326 N.W.2d 194, 195–96 (N.D.1982) (holding an interlocutory determination was erroneously labeled a 'judgment'); *see also City of Grand Forks v. Henderson*, 297 N.W.2d 450, 453 (N.D.1980) (concluding objections to attorney fees and the related proceedings were the equivalent of a N.D.R.Civ.P. 59(j) motion).").

[¶ 12] The transcript of proceedings shows the district court judge believed the matter should be dismissed. The city attorney led the court down the Rule 37(1) trail by arguing for summary affirmance. The district court made an oral ruling, stating:

"The District Court orders, noting the non-compliance with the Order, the non-appearance, that the appeal be dismissed. So ordered by the Court.

"In the alternative, the Court issues a summary affirmance of the Municipal Court ruling pursuant to Rule 37 of the Rules of Criminal Procedure noting the non-appearance in regards to this matter."

The district court directed the city attorney to prepare a written order, which it did and which the district court signed. Contrary to the district court's oral ruling, that order states only that "the Court summarily affirms the judgment of the Fargo Municipal Court."

[¶ 13] I acknowledge that the written order supersedes the district court's oral ruling. *Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 26, 705 N.W.2d 836 ("Whenever there is a discrepancy between a trial court's oral and written statements, the written statement controls."). However, because the district court originally ordered dismissal *and* summary affirmance, I believe our "right for the wrong reason"

analysis should be used. When used, two significant considerations must be added to the discussion. Those additional considerations are: (1) N.D.R.Crim.P. 37(a)(2) grants the district court express authority to exercise any remedy, "including dismissing the appeal," for a party's failure to take any step other than filing the notice of appeal; and (2) the district court's earlier order explicitly requiring White to personally attend all court proceedings.

[¶ 14] Criminal Rule 37(a)(2) provides:

"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for the district court to act as it considers appropriate, including dismissing the appeal."

*Id.* The court's scheduling order stated, "YOU MUST PERSONALLY APPEAR IN COURT AT THE FOLLOWING TIMES," and listed six proceedings, including the dispositional conference. White signed the scheduling order acknowledging its terms and his receipt of it.

[¶ 15] The majority questions the expediency of the dispositional conference. But they do not declare it a nullity. Nor do they hold that the district court could not require White's personal appearance at the conference. White undisputedly failed to personally appear at the conference, contrary to the court's valid order. Dismissal of White's appeal should be affirmed because that remedy is expressly authorized by Criminal Rule 37 and also is likely available through the district court's inherent authority to control its docket. *See Gullickson v. Kline*, 2004 ND 76, ¶ 15, 678 N.W.2d 138 ("We are mindful of the necessity of the trial court having complete control over the proceedings before it.") (quoting *Ward v. Shipp*, 340 N.W.2d 14, 18 (N.D.1983)). Therefore, I would affirm be-

cause the district court had authority and grounds to dismiss White's appeal.

[¶ 16]   Daniel J. Crothers